NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAYNOR GALEANO ORLANDO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.  14-73161 Agency No. A043-706-805 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Maynor Galeano Orlando ("Galeano Orlando"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing Galeano Orlando's appeal from an immigration judge's ("IJ")

decision denying Galeano Orlando's application for relief under the Convention

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252(a), and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

we deny in part and dismiss in part the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo our jurisdiction. *Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016).

We have jurisdiction to review the agency's denial of Galeano Orlando's claim for deferral of removal under CAT because the IJ and BIA's conclusion denying CAT relief relied on the merits and not on Galeano Orlando's aggravated felony conviction. *See Morales v. Gonzales*, 478 F.3d 972, 980 (9th Cir. 2007) (8 U.S.C. § 1252(a)(2)(C) does not deprive this court of jurisdiction to consider denial of CAT relief when the IJ "does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits").

Substantial evidence supports the agency's denial of deferral of removal under CAT because Galeano Orlando failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of

torture too speculative).  Galeano Orlando's arguments to this court about internal relocation in Guatemala or mental anguish were not exhausted before the BIA and therefore we lack jurisdiction to consider them.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**