**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAYRON DAVILA-LOPEZ, | No. 14-73256 |
| Petitioner, | Agency No. A205-022-882 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Bayron Davila-Lopez ("Davila-Lopez"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing Davila-Lopez's appeal from an immigration judge's ("IJ") decision

denying Davila-Lopez's application for withholding of removal and relief under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252(a), and we deny in part and dismiss in part the petition.

Where, as here, the BIA adopts the IJ's reasoning, we review both the IJ's and BIA's decisions.  *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019).  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We review de novo our jurisdiction.  *Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016).

The agency did not err in finding that Davila-Lopez did not establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's conclusion that Davila-Lopez failed to establish he was or would be persecuted on account of a protected ground. Even though he was the victim of crime, there is no connection between the

14-73256

alleged extortion by gang members and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

Thus, Davila-Lopez's withholding of removal claim fails.

We do not have jurisdiction to review Davila-Lopez's claim for CAT relief because he failed to exhaust his administrative remedies on appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Additionally, Davila-Lopez waived his claim for CAT relief before this court. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**