**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANJINDER SINGH,
*Petitioner*,

v.

WILLIAM P. BARR, Attorney
General,
*Respondent*.

No. 19-70932

Agency No.
A215-827-867

KULWANT SINGH,
*Petitioner*,

v.

WILLIAM P. BARR, Attorney
General,
*Respondent*.

No. 19-71025

Agency No.
A201-431-264

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2020
Seattle, Washington

Filed December 9, 2020

Before:  Jay S. Bybee and Daniel P. Collins, Circuit
Judges, and Richard G. Stearns,[*] District Judge.

Opinion by Judge Bybee

## SUMMARY[**]

### Immigration

The panel dismissed for lack of jurisdiction, under
8 U.S.C. § 1252, Manjinder Singh and Kulwant Singh's
petitions for review of separate immigration judge decisions
concluding that they lacked jurisdiction to reopen credible
fear proceedings under 8 C.F.R. § 1208.30(g)(2)(iv)(A).

The panel observed that judicial review of an expedited
removal order, including the merits of a credible fear
determination, is expressly prohibited by § 1252(a)(2)(A)(iii).
Petitioners stressed that they were not asking this court to
review the merits of the IJs' credible fear determinations, but
instead were asking the court to exercise jurisdiction to
review the IJs' denials of motions to reopen on the grounds
that the IJs misconstrued their authority to do so under
8 C.F.R. § 1208.30(g)(2)(iv)(A).  The panel concluded that it
could not do so, explaining that where Congress explicitly
withdraws jurisdiction to review a final order of deportation,

---

[*] The Honorable Richard G. Stearns, United States District Judge for
the District of Massachusetts, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn.

While recognizing that § 1252(e) authorizes some judicial review of expedited removal orders and policies and procedures, the panel concluded that it did not provide jurisdiction over petitioners' specific challenges.

The panel noted that in *Ayala v. Sessions*, 855 F.3d 1012 (9th Cir. 2017), and *Bartolome v. Sessions*, 904 F.3d 803 (9th Cir. 2018), this court determined that it had jurisdiction to consider an IJ's denial of motions to reopen or reconsider, but the panel concluded that those cases were distinguishable, because they involved review of reasonable fear determinations in the context of a reinstatement of a prior removal order under 8 U.S.C. § 1231(a)(5), rather than a credible fear determination under § 1225(b)(1).

The panel also concluded that 8 U.S.C. § 1252(a)(2)(D), which re-vests the court with jurisdiction to hear certain constitutional claims or questions of law, did not apply, because that provision provides jurisdiction to review claims otherwise barred under § 1252(a)(2) Subparagraphs (B) or (C), or those barred by provisions other than § 1252, but by its own terms does not cover claims barred by Subparagraph (A), which was the provision that applied in this case. The panel explained that even a decision that might appear to fall within Subparagraphs (B) or (C) is not reviewable under § 1252(a)(2)(D) if it is subject to a separate prohibition of Subparagraph (A).

The panel noted that petitioners' Suspension Clause challenge was foreclosed by *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020).

## COUNSEL

Matthew Borowski (argued), Borowski Witmer Immigration Lawyers, Buffalo, New York for Petitioners.

Tracie N. Jones (argued), Trial Attorney; Andrew N. O'Malley and Timothy G. Hayes, Senior Litigation Counsel; Cindy S. Ferrier, Assistant Director; Ethan P. Davis, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

BYBEE, Circuit Judge:

Petitioners Manjinder Singh and Kulwant Singh are Sikhs from Punjab, India who entered the United States in late 2018.[1] The United States Customs and Border Patrol (CBP) determined that Petitioners were inadmissable as aliens not in possession of valid entry documents, and processed them for expedited removal. Manjinder and Kulwant each expressed a fear of returning to India, and credible fear interviews were conducted by United States Citizenship and Immigration Services (USCIS) asylum officers. The asylum officers made negative credible fear determinations in both cases. After review, immigration judges (IJs) concurred in the negative

---

[1] Manjinder and Kulwant's petitions were brought separately, and the record does not suggest any relationship between the two. However, because the petitions raise identical legal issues and have extensive factual similarities, we address the petitions together. We will refer to them either as "Petitioners" or by their first names to avoid confusion.

credible fear determinations. Petitioners moved for the IJs to exercise *sua sponte* authority to reopen their credible fear determinations. Both IJs denied the motions on the basis that IJs lack jurisdiction to reopen credible fear proceedings under 8 C.F.R. § 1208.30(g)(2)(iv)(A). Petitioners seek review of the denials of the motions to reopen.

Because we lack jurisdiction under 8 U.S.C. § 1252 to review Manjinder's and Kulwant's petitions, we dismiss.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. *Manjinder Singh*

Manjinder Singh is a native and citizen of India. In October 2018, Manjinder encountered border patrol agents outside of a U.S. port of entry. CBP determined Manjinder was inadmissible as an alien not in possession of entry documents, processed Manjinder for expedited removal pursuant to 8 U.S.C. § 1225(b)(1),[2] conducted an initial

---

[2] The INA sets out streamlined procedures for the execution of expedited removal orders, permitting removal of certain aliens "without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). If the alien expresses either, the alien must be referred to an asylum officer for a credible fear interview. *Id.* § 1225(b)(1)(A)(ii). If the asylum officer determines the alien does have a credible fear of persecution, the alien must be detained for consideration of an asylum application. *Id.* § 1225(b)(1)(B)(ii).

If the asylum officer determines that the alien does *not* have a credible fear, the alien will be ordered removed without further review unless the alien requests review by an IJ. *Id.* §§ 1225(b)(1)(B)(iii)(I), (III). The IJ's decision is final and may not be appealed. 8 C.F.R. § 1208.30(g)(2)(iv)(A). Even if the IJ affirms the asylum officer's

interview, and completed a record of his sworn statement. Because Manjinder expressed a fear of returning to India, CBP referred him to USCIS for a credible fear interview. In the interview, Manjinder told the officer that he was a Sikh from Punjab, India; in February 2018, he was working for the Mann Party; in May and July 2018, he was harmed by members of the Congress Party; and he feared future harm from the Congress Party and the Bhartiya Janta Party (BJP) if he returned to India. The asylum officer found that Manjinder was not credible and therefore lacked a credible fear of harm upon return to India.

In November 2018, CBP presented Manjinder with an expedited removal order. At this time, Manjinder requested review of the credible fear determination by an IJ. The matter was referred to Judge Santos-Garcia who held a hearing and affirmed the asylum officer's negative credible fear determination.

Almost four months later, in March 2019, Manjinder filed a motion to reopen the credible fear proceedings. His motion asserted that the asylum officer and Judge Santos-Garcia erred in determining that he was not credible and that he received ineffective assistance of counsel because his counsel did not attend the hearing. Judge Santos-Garcia denied the motion to reopen for a lack of jurisdiction under 8 C.F.R. § 1208.30(g)(2)(iv)(A). Judge Santos-Garcia also found, in the alternative, that the motion to reopen was untimely and Manjinder had been given the opportunity to explain his statements at the November hearing. Manjinder now petitions for review of Judge Santos-Garcia's denial of his

---

determination the USCIS may reconsider a negative credible fear finding after providing notice to the immigration judge. *Id.*

motion to reopen the credible fear determination. Manjinder does not request that we review the merits of the credible fear determination.

## B. *Kulwant Singh*

Kulwant Singh is a thirty-four-year-old male, a native and citizen of India. Kulwant encountered border patrol agents at a port of entry in December 2018. CBP determined that Kulwant was inadmissable as an alien not in possession of valid entry documents and processed him for expedited removal pursuant to 8 U.S.C. § 1225(b)(1). During his interview with CBP, Kulwant expressed a fear of returning to India because he was in danger from the BJP. CBP referred Kulwant for a credible fear interview with a USCIS asylum officer.

Kulwant's credible fear interview took place in January 2019. At his credible fear interview, Kulwant stated that he was a Sikh from Punjab, India; he had been a member of the Mann Party since 2013; in November 2017 and July 2018, he was attacked by the BJP with baseball bats and wooden sticks; and he feared future harm from the BJP if he returned to India. The asylum officer determined that Kulwant was not credible, and therefore lacked a credible fear of returning to India. In February 2019, CBP presented Kulwant with an expedited removal order on the basis of the negative credible fear determination. Kulwant requested review of the negative credible fear determination by an IJ.

Judge Attia held a credible fear hearing and concurred in the asylum officer's negative credible fear determination and remanded the case to USCIS for removal. In April 2019, Kulwant filed a motion to reopen in which he asserted that he

received ineffective assistance of counsel and the asylum officer erred by mischaracterizing the record. Judge Attia denied the motion to reopen for a lack of jurisdiction, citing 8 C.F.R. § 1208.30(g)(2)(iv)(A). Kulwant now petitions for review of Judge Attia's denial of his motion to reopen. Kulwant does not request review of the merits of the negative credible fear determination.

## II.  JURISDICTION AND STANDARD OF REVIEW

The parties agree that our jurisdiction to review administrative immigration proceedings is governed by § 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252, as revised by § 306 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, Div. C, § 306, 110 Stat. 3009-607 (1996). The parties dispute whether 8 U.S.C. § 1252 grants us jurisdiction over petitioners' appeals.

We have jurisdiction to consider our own jurisdiction. *See Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010).

## III.  ANALYSIS

The parties agree that 8 U.S.C. § 1252 governs our jurisdiction over the petitions for review. The Government contends, however, that § 1252(a)(2)(A) deprives us of jurisdiction to review Manjinder's and Kulwant's petitions. We agree.

We begin with two observations. First, we start from a "presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010). "When a statute is 'reasonably susceptible to divergent

interpretation, we adopt the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review.'" *Id.* (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)). It takes "clear and convincing evidence" to dislodge this "well-settled" presumption. *Kucana*, 558 U.S. at 251–52. Second, we recognize that we have routinely exercised jurisdiction under § 1252 to review IJ denials of motions to reopen certain removal proceedings. *See*, *e.g.*, *Mata v. Lynch*, 576 U.S. 143, 147 (2015) ("[C]ircuit courts have jurisdiction when an alien appeals from the [Board of Immigration Appeals's (BIA's)] denial of a motion to reopen a removal proceeding."); *Kucana*, 558 U.S. at 249 (holding that § 1252(a)(2)(B)(ii), which governs judicial review of discretionary decisions made by the Attorney General or the Secretary of Homeland Security, "does not proscribe judicial review of denials of motions to reopen"); *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (reviewing denial of a motion to reopen proceedings for adjustment of status); *Hernandez v. Holder*, 738 F.3d 1099, 1100–01 (9th Cir. 2013) (reviewing Board's dismissal for lack of jurisdiction of a motion to reopen application for cancellation of removal).

Although we have determined that we have jurisdiction to review an IJ's denial of motions to reopen or reconsider in other contexts, *see Bartolome v. Sessions*, 904 F.3d 803, 815 (9th Cir. 2018); *Ayala v. Sessions*, 855 F.3d 1012 1017–18 (9th Cir. 2017), we have not yet determined the precise question at issue here: whether § 1252 prohibits our review of an IJ's denial of a motion to reopen a credible fear determination. *See Kucana*, 558 U.S. at 250 n.17 ("We do not reach the question whether review of a reopening denial would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief."); *cf. Cervantes v.*

*Barr*, 769 F. App'x 456, 456 (9th Cir. 2019) (holding that petitioners failed "to provide us with a sufficient basis for statutory jurisdiction to review BIA's dismissal for lack of jurisdiction of an appeal of a motion to reopen" expedited removal proceedings). We now answer that question, and we conclude that the language of § 1252 clearly and convincingly demonstrates that Congress intended to circumscribe judicial review of motions to reopen credible fear determinations.

Section 1252(a)(2)(A) governs the availability of judicial review over expedited orders of removal and specified related determinations. That section provides:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review—
>
> (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to [8 U.S.C. § 1225(b)(1)],
>
> (ii) except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of [§ 1225(b)(1)],
>
> (iii) the application of [§ 1225(b)(1)] to individual aliens, including the [credible fear] determination made under section 1225(b)(1)(B) . . . , or

(iv) except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) . . . .

8 U.S.C. § 1252(a)(2)(A)(i)–(iv). Judicial review of an expedited removal order, including the merits of a credible fear determination, is thus expressly prohibited by § 1252(a)(2)(A)(iii). *See Pena*, 815 F.3d at 455 (court of appeals lacked jurisdiction to review procedural challenge to expedited removal proceedings); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008) (court of appeals lacked jurisdiction to hear collateral attack on underlying expedited removal order in reinstatement proceedings); *see also Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 431–32 (3d Cir. 2016) (collecting cases).

Petitioners do not disagree with our reading of § 1252(a)(2)(A)(iii). Petitioners repeatedly stress that they are not asking us to review the *merits* of the IJs' credible fear determinations. Instead, Petitioners ask us to exercise jurisdiction to review the IJs' denials of *motions to reopen* on the grounds that the IJs misconstrued their authority to do so under 8 C.F.R. § 1208.30(g)(2)(iv)(A).[3] This we cannot do.

---

[3] That regulation provides:

If the immigration judge concurs with the determination of the asylum officer that the alien does not have a credible fear of persecution or torture, the case shall be returned to the [USCIS] for removal of the alien. The immigration judge's decision is final and may not be appealed. The [USCIS], however, may reconsider a negative credible fear finding that has been concurred upon by an immigration judge after providing notice of

We have held that "where Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn." *Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir. 1997); *see also Alcala v. Holder*, 563 F.3d 1009, 1014 (9th Cir. 2009) ("[O]ur jurisdiction over a motion to reopen is derivative of our jurisdiction over the underlying order of removal.").

We can characterize Petitioners' request as one either "arising from or relating to the implementation or operation of" an expedited removal order, 8 U.S.C. § 1252(a)(2)(A)(i), or seeking review of "procedures and policies adopted by the Attorney General," *id.* § 1252(a)(2)(A)(iv). Either way, the review Petitioners seek is still outside of our jurisdiction "except as provided in [§ 1252(e)]." *See Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1119 (9th Cir. 2019) ("Section 1252(a)(2)(A)(i) . . . clearly bars claims relating to procedural error."), *rev'd on other grounds*, 140 S. Ct. 1959 (2020). Section 1252(e) does not permit us to review the Petitioners' requests on a petition for review from an IJ's denial. Though § 1252(e) authorizes some judicial review of expedited removal orders and policies and procedures, it limits review to specific challenges and venues. Section 1252(e)(2) permits habeas corpus proceedings limited to inquiring "whether the petitioner is an alien," "whether petitioner was ordered removed under" § 1252(b)(1), and whether petitioner "can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or

---

its reconsideration to the immigration judge.

8 C.F.R. § 1208.30(g)(2)(iv)(A).

has been granted asylum . . . ." *See* 8 U.S.C. § 1252(e)(2); *Thuraissigiam*, 917 F.3d at 1103–04. Petitioners do not bring challenges on any of these bases.

Alternatively, a challenge to the validity of the regulations implementing § 1225(b)(1) may be reviewed for constitutionality, consistency with § 1225, or other violations of federal law. *See* 8 U.S.C. § 1252(e)(3). However, such actions seeking review of regulations must be filed no later than sixty days after the challenged regulation is "first implemented" and must be filed in the United States District Court for the District of Columbia. *See id.* §§ 1252(e)(3)(A), (B). Section 1252(e) does not grant us either jurisdiction or venue to review such petitions. *See Garcia de Rincon*, 539 F.3d at 1139 ("[De Rincon's challenge] does not contest her expedited removal order on any of the enumerated permissible grounds in § 1252(e)—this court therefore has no jurisdiction to hear it.").

Petitioners point us to *Ayala v. Sessions*, 855 F.3d 1012 (9th Cir. 2017), and *Bartolome v. Sessions*, 904 F.3d 803 (9th Cir. 2018), but those decisions are not to the contrary. Both of these cases involved review of a reasonable fear determination in the context of a *reinstatement* of a prior removal order under 8 U.S.C. § 1231(a)(5), rather than a credible fear determination under § 1225(b)(1). In *Ayala* we concluded that "we have jurisdiction over petitions for review of reasonable fear determinations made in connection with the reinstatement of expedited removal orders." 855 F.3d at 1018. We acknowledged our prior decision in *Garcia de Rincon*, in which we held that we lack jurisdiction to review a collateral attack on the underlying expedited removal order during reinstatement proceedings, *Garcia de Rincon*, 539 F.3d at 1138, but we distinguished a reasonable fear

determination arising from a reinstatement proceeding from an attack on an "original underlying expedited removal proceeding[]." *Ayala*, 855 F.3d at 1018. We concluded that "*Garcia de Rincon* [was] inapplicable." *Id.* Because we found that "[n]othing in 8 U.S.C. § 1252 prevents us from exercising jurisdiction to review the accuracy of the . . . reasonable fear determination" in connection with the reinstatement order under § 1231(a)(5), *see id.*, we were free to reach the question whether "[t]he IJ abused his discretion in denying Ayala's motion to reopen and reconsider," *id.* at 1020. *See also Bartolome*, 904 F.3d at 815; *Alcala*, 563 F.3d at 1014; *Medina-Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir. 2004).

Petitioners, at oral argument, also pointed us to 8 U.S.C. § 1252(a)(2)(D) as authority permitting the review of legal and constitutional questions. *See also Ayala*, 855 F.3d at 1017–18. That subparagraph provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). We have read Subparagraph (D) to "re-vest[] the circuit courts with jurisdiction to hear 'constitutional claims or questions of law' that might otherwise be barred . . . ." *Garcia de Rincon*, 539 F.3d at 1137. The re-vestment clause does not apply to Petitioners' claims, however. By its own terms, Subparagraph (D) does

not re-vest jurisdiction in our court over legal questions whose review is prohibited by Subparagraph (A). 8 U.S.C. § 1252(a)(2)(D). Subparagraphs (A), (B), and (C) each establish separate and alternative prohibitions on review of certain matters. Subparagraph (D) then provides that the prohibitions "in subparagraph (B) or (C), or in any other provision of [the INA] (other than this section)" shall not preclude review of legal or constitutional questions on a petition for review. Subparagraph (D), therefore, only overrides prohibitions contained in (1) a provision of the INA other than § 1252, or (2) either § 1252(a)(2)(B) or (C). It plainly does not override the prohibition in Subparagraph (A) because it is not in a "provision of [the INA] (other than this section)," and it is not "subparagraph (B) or (C)." Thus, even a decision that might appear to fall within Subparagraphs (B) or (C) is not reviewable under § 1252(a)(2)(D) if it is subject to a separate prohibition of Subparagraph (A). To say otherwise, would not be a credible reading of the statute. *See Kucana*, 558 U.S. at 252 ("'[M]any provisions of IIRIRA [we]re aimed at protecting [from court review exercises of] the Executive's discretion.'") (alterations in original) (quoting *Reno v. American Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999)). The re-vesting provision of Subparagraph (D) does not refer to the non-reviewability provisions of Subparagraph (A), and it is that provision that deprives us of jurisdiction to review the IJs' refusals to consider Petitioners' motions to reopen.[4]

---

[4] Petitioners briefly raised a Suspension Clause challenge at oral argument. But the Supreme Court foreclosed this argument in *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020). *See id.* at 1969 (The writ of habeas corpus "simply provided a means of contesting the lawfulness of restraint and securing release."). The Court rejected the contention that the writ required the ability "to obtain administrative or judicial review leading to" "authorization for an alien

## IV.  CONCLUSION

Read together, §§ 1252(a)(2)(A), (D) and 1252(e) provide clear and convincing evidence that Congress intended to deprive circuit courts of appeals of jurisdiction to review expedited removal orders and related matters affecting those orders, including underlying negative credible fear determinations and rulings on the regulations implementing the expedited removal statute.  We are without jurisdiction to review the petitions for review of the denials of Petitioners' motions to reopen and therefore dismiss.

**DISMISSED.**

---

[stopped at the border] to remain in a country other than his own."  *Id.* at 1971–81.