**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATPAL SINGH, | No. 19-70250 |
| Petitioner, | Agency No. A215-906-902 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2021**
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and ROBRENO,*** District Judge.

Petitioner seeks review of a Board of Immigration Appeals' ("BIA")

decision dismissing the appeal of an Immigration Judge's ("IJ") decision for lack

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

of jurisdiction. Petitioner appealed the IJ's denial of his motion to reopen his credible fear determination. We dismiss the petition for lack of jurisdiction.

"We determine our own jurisdiction *de novo*." *Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016) (citing *Bolanos v. Holder*, 734 F.3d 875, 876 (9th Cir. 2013)). This court held in *Singh v. Barr* that it lacks jurisdiction over petitions seeking review of an IJ's denial of a motion to reopen credible fear proceedings. 982 F.3d 778, 784 (9th Cir. 2020) ("Read together, [8 U.S.C.] §§ 1252(a)(2)(A), (D) and 1252(e) provide clear and convincing evidence that Congress intended to deprive circuit courts of appeals of jurisdiction to review expedited removal orders and related matters affecting those orders, including underlying negative credible fear determinations . . . ."). Accordingly, the review Petitioner seeks is outside of our jurisdiction.

**PETITION FOR REVIEW DISMISSED.**