**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRIAM GOMEZ-CANTILLANO, | No. 19-72682 |
| Petitioner, | Agency No. A203-710-976 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* AND ORDER |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2021
San Francisco, California

Before:  GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.

Petitioner Miriam Gomez-Cantillano, a native and citizen of Nicaragua,

petitions for review of an order issued in expedited removal proceedings.  We

dismiss the petition.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

We lack jurisdiction to review expedited removal proceedings, including to review the determination that Petitioner did not establish a credible fear of persecution or torture. See 8 U.S.C. § 1252(a)(2)(A)(iii) ("[N]o court shall have jurisdiction to review" determinations made under 8 U.S.C. § 1225(b)(1)(B)); see also Singh v. Barr, 982 F.3d 778, 784 (9th Cir. 2020) ("Read together, [8 U.S.C.] §§ 1252(a)(2)(A), (D) and 1252(e) provide clear and convincing evidence that Congress intended to deprive circuit courts of appeals of jurisdiction to review expedited removal orders and related matters affecting those orders, including underlying negative credible fear determinations . . . ."). And, although § 1252(e)(2) lists some exceptions to the jurisdictional bar, none applies here. See 8 U.S.C. § 1252(e)(2) (listing exceptions).

We also lack jurisdiction to review Petitioner's constitutional claim. Contrary to Petitioner's assertion that the immigration judge did not consider whether Petitioner had a "credible fear of persecution," see 8 U.S.C. § 1225(b)(1)(B)(iii)(III), the immigration judge did so and denied that contention on the merits, relying on evidence that Petitioner did not establish a significant possibility of persecution. Petitioner's due process claim thus "cloak[s] an abuse of discretion argument in constitutional garb." Torres-Aguilar v. INS, 246 F.3d

2

1267, 1271 (9th Cir. 2001).[1]

Finally, we reject Petitioner's argument that we have jurisdiction to consider "structural errors." In particular, the determination under 8 U.S.C. § 1225(b)(1)(A)(ii) that Petitioner is inadmissible under § 1182(a)(7) is not subject to judicial review. See 8 U.S.C. § 1252(a)(2)(A)(iii). Moreover, the errors that Petitioner claims are not actually "structural" in nature. Even if they were, § 1252's jurisdiction-stripping provision does not contain a "structural error" exception. See Guerrier, 2021 WL 5226070, at *8 (holding that this court lacks jurisdiction even though the petitioner raised a colorable constitutional claim).

All pending motions are denied as moot.

**PETITION DISMISSED.**

---

[1] Petitioner concedes that Guerrier v. Garland, No. 20-70115, 2021 WL 5226070 (9th Cir. Nov. 9, 2021) forecloses her access-to-counsel claim.