**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEGHINE MARTIROSYAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-712 <br><br> Agency No. <br> A206-913-680 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2023**
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Heghine Martirosyan and her minor son, natives and citizens of Armenia, petition for review of a Board of Immigration Appeals (BIA) decision denying a motion to reopen immigration proceedings. We review the denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252(a)(1), *see Singh v. Barr*, 982 F.3d 778, 781 (9th Cir. 2020), and we deny the petition.

1.     Though Martirosyan filed only a motion to reopen, to the extent that it challenged the agency's assessment of her claims for relief, the BIA construed it in part as a motion to reconsider. The BIA did not err in classifying the motion in that way. Nor did the BIA err in denying Martirosyan's motion to reconsider, so construed.

A movant may file one motion to reconsider within 30 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(2). Because Martirosyan filed her motion more than three years after the order was issued, the BIA denied the motion as untimely. Martirosyan did not argue before the BIA that any statutory exceptions to the filing deadline should apply or that the deadline should be equitably tolled. Nor does she argue these points in her opening brief. Any challenge to the BIA's timeliness determination is therefore waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

2.     The BIA did not err in denying Martirosyan's motion to reopen. A movant may file one motion to reopen within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Martirosyan's motion to reopen was filed more than three years after the final removal order was

issued and was thus untimely.

An exception to the time and number limits applies if the movant can provide "material" evidence of "changed country conditions . . . [that] was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). In support of her motion to reopen, Martirosyan submitted a declaration, an additional country report, news articles, and a psychological examination. The BIA addressed this additional evidence in its decision but concluded that Martirosyan had not shown that conditions in Armenia had materially changed or that she had demonstrated prima facie eligibility for relief. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir. 2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen."). Martirosyan has not demonstrated error in the BIA's determinations, which were not an abuse of discretion.[1]

**PETITION DENIED.**

---

[1] Martirosyan also challenges the BIA's decision affirming the Immigration Judge's denial of asylum, withholding or removal, and protection under the Convention Against Torture. We do not consider these contentions regarding the agency's underlying decision, which is not before us and which we previously reviewed in *Martirosyan v. Barr*, No. 17-71916, 804 F. App'x 779 (9th Cir. May 12, 2020).