**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ARGUETA PENA, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent*. | No. 12-72099 <br><br> Agency No. A205-379-126 <br><br> ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 26, 2014—Pasadena, California

Filed September 28, 2015
Amended February 18, 2016

Before: Diarmuid F. O'Scannlain and Johnnie B.
Rawlinson, Circuit Judges and Sharon L. Gleason,* District
Judge.

Order;
Opinion by Judge Rawlinson

---

* The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

## SUMMARY[**]

### Immigration

The panel dismissed for lack of jurisdiction, pursuant to 8 U.S.C. §§1252(a)(1) and 2(A), a petition for review of a decision by an immigration judge affirming an asylum officer's negative credible fear determination in expedited removal proceedings.

The panel held that the jurisdiction stripping provisions do not deprive a petitioner of any forum in which to bring a procedural due process challenge to expedited removal proceedings, because there exist exceptions to the restriction on judicial review. The panel explained that although the Supreme Court and this Circuit have suggested that a litigant may be unconstitutionally denied a forum when there is absolutely no avenue for judicial review of a colorable claim of constitutional deprivation, in this case, Pena failed to raise a colorable due process claim.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Rex S. Heinke and Katharine J. Galston, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, California; Saurish Bhattacharjee (argued), McDermott Will & Emery LLP, Los Angeles, California, Pro Bono Amicus Curiae Counsel for Petitioner.

Stuart F. Delery, Principal Deputy Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Sabatino F. Leo, Trial Attorney, and Tim Ramnitz (argued), United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

## ORDER

Page 9 of the Slip Opinion filed September 28, 2015, first full paragraph is amended as follows:

1.  Line 3 - insert <colorable> preceding <claim of>.

2.  Line 12 - insert the following sentence following the citation to *Flores-Miramontes v. I.N.S.*, 212 F.3d 1133, 1136 (9th Cir. 2000): <But here, Pena does not raise a colorable constitutional claim, since the Immigration Judge elicited a voluntary waiver of counsel.>.

3.  Lines 12–16 - replace the last sentence with the following language: <In addition, the jurisdiction-stripping provisions of the statute retain some avenues of judicial review, limited though they may be. *See Flores-Miramontes*, 212 F.3d at 1136.>.

Page 10, lines 10–11 of the Slip Opinion, is amended as follows:   Replace <*See Flores-Miramontes*, 212 F.3d at 1136> with <*See id.*>.

---

## OPINION

RAWLINSON, Circuit Judge:

William Argueta Pena (Pena), a native and citizen of El Salvador, petitions for review of a decision by an immigration judge affirming the decision of the asylum officer during expedited removal proceedings.  We dismiss the petition for lack of jurisdiction.

## I.  BACKGROUND

In March, 2012, Pena entered the United States without documentation by wading across the Rio Grande River in Texas.  Within days, the United States initiated expedited removal proceedings.

During Pena's initial interview with the border patrol agent, he indicated that he came to the United States to live with his mother and to work.  He answered that he did not fear harm if returned to El Salvador.  However, Pena subsequently wrote a statement asserting that he was afraid of returning to El Salvador and wished to seek asylum.  As a result, Pena was referred to an asylum officer, who conducted

a "credible fear interview."[1]  Following the interview, the asylum officer concluded that Pena had not shown a credible fear of persecution, and that he was ineligible for asylum or other relief.

Pena requested review of the asylum officer's decision by an Immigration Judge.  In response, Pena was given a form titled "Notice of Referral to Immigration Judge," which was read and explained to Pena in Spanish, and provided, in part:

> You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court.  If you wish to be so represented, your attorney or representative should appear with you at this hearing. . . .

Pena appeared without an attorney before the Immigration Judge.  At the outset of the hearing, the judge asked, "Now initially I note that you are of course in court this morning by yourself.  Did you intend to have an attorney or anybody be present in court today to represent you or to help you?"  Pena responded, "No, no, that's fine."  At the conclusion of the hearing, the judge affirmed the determinations made by the asylum officer, finding that Pena had not established a credible fear of persecution on a protected ground.  The judge

---

[1] An alien in expedited removal proceedings is referred to an asylum officer for a "credible fear interview" if he indicates to the border patrol agent "an intention to apply for asylum" or "a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(ii).  If the alien demonstrates a "credible fear of persecution" to the asylum officer, "the alien shall be detained for further consideration of the application for asylum."  *Id.* at § 1225(b)(1)(B)(ii).

informed Pena that the decision was final and could not be appealed.

Despite the judge's advisal, Pena appealed to the Board of Immigration Appeals. The Board dismissed the appeal for lack of jurisdiction as provided in the governing regulation. *See* 8 U.S.C. § 1225(b)(1)(C)[2]; 8 C.F.R. § 1208.30(g)(2)(iv)(A).[3] Pena filed a *pro se* Motion for Stay

---

[2] 8 U.S.C. § 1225(b)(1)(C) provides:

> Except as provided in subparagraph (B)(iii)(III) [hearing before Immigration Judge], a removal order entered in accordance with subparagraph (A)(i) [inadmissibility] or (B)(iii)(I) [lack of credible fear] is not subject to administrative appeal, except that the Attorney General shall provide by regulation for prompt review of such an order under subparagraph (A)(i) against an alien who claims under oath, or as permitted under penalty of perjury under section 1746 of Title 28, after having been warned of the penalties for falsely making such claim under such conditions, to have been lawfully admitted for permanent residence, to have been admitted as a refugee under section 1157 of this title, or to have been granted asylum under section 1158 of this title.

[3] 8 C.F.R. § 1208.30(g)(2)(iv)(A) provides:

> If the immigration judge concurs with the determination of the asylum officer that the alien does not have a credible fear of persecution or torture, the case shall be returned to the Service for removal of the alien. . . . The immigration judge's decision is final and may not be appealed.

of Removal and a timely Petition for Review with this court.[4]

## II.  STANDARDS OF REVIEW

We determine our own jurisdiction *de novo*.  *See Bolanos v. Holder*, 734 F.3d 875, 876 (9th Cir. 2013).  We also review constitutional claims *de novo*.  *See Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), *as amended*.

## III.   DISCUSSION

Amicus contends that we have jurisdiction to consider this petition because the jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(A) unconstitutionally deprives Pena of any forum in which to bring his procedural due process challenge to the expedited removal proceeding.  Specifically, Pena seeks to challenge his removal on the basis that the judge's failure to elicit a knowing and voluntary waiver of Pena's right to counsel violated his due process rights.  But we can't get there from here because we lack jurisdiction.[5]

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the statute) strictly cabins judicial review of final orders of removal under 8 U.S.C. § 1225(b)(1).  *See* 8 U.S.C. § 1252(a)(1), (2)(A).  No court may review a direct challenge to an expedited removal order,

---

[4] After the Government filed its response to Pena's *pro se* Informal Brief, we appointed amicus curiae counsel (Amicus), who has ably represented Pena before this court.

[5] Because we resolve this case on the basis of our lack of jurisdiction, we need not, and do not address the government's argument premised on our recent decision in *Angov v. Lynch*, 788 F.3d 893 (9th Cir. 2015).

with a few exceptions. *See* 8 U.S.C. § 1252(a)(2)(A)(i–iv) ("[N]o court shall have jurisdiction to review . . . the determination made under section 1225(b)(1)(B) of this title, . . . except as provided in subsection (e) of this section . . ."); *see also* 8 U.S.C. § 1225(b)(1)(B) (providing for interviews of aliens by asylum officers and a determination of credible fear of persecution as part of expedited removal proceedings).

One exception to the restriction on judicial review allows for limited habeas corpus proceedings to establish that the individual is not an alien, is a permanent resident, is a refugee or asylee, or was not the subject of an expedited removal order. *See* 8 U.S.C. § 1252(e)(2); *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008). Additionally, we have held that in criminal cases, a "defendant charged [with criminal reentry] has a due process right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (citation and internal quotations omitted). Pena's "removal order was issued pursuant to § 1225(b)(1)," and none of these "strictly limited" exceptions apply. *Garcia de Rincon*, 539 F.3d at 1139 (citation omitted). Pena has not filed a habeas petition, and there has been no criminal reentry case filed against him. Therefore, "we lack jurisdiction to review any constitutional or statutory claims related to the underlying removal order in this case" because no claim listed in the statutory exceptions was raised. *Id.* (citation omitted).

In *Garcia de Rincon*, we reiterated that we lack jurisdiction to hear a collateral challenge like Pena's to an expedited removal order. We clarified that although 8 U.S.C. § 1252(a)(2)(D) "re-vests courts with jurisdiction to review

constitutional claims" (such as due process claims predicated on right to counsel), that re-vestment does not extend to the review of expedited removal orders. *Id.* at 1138. Rather, § 1252(a)(2)(A) "*strictly* circumscribes the scope of review of expedited removal orders to the grounds enumerated in § 1252(e)." *Id.* (citations omitted) (emphasis added). In turn, § 1252(e) "only permits review of expedited removal orders in a habeas corpus petition, and even then the review is limited" to three inquiries: whether the petitioner is an alien, was ordered removed under the expedited removal section, or can prove lawful admission for permanent resident status. *Id.* at 1138–39.

Our sister circuits have rejected the same argument made by Pena. In *Shunaula v. Holder*, 732 F.3d 143 (2d Cir. 2013), the petitioner attempted to enter the United States and was removed via expedited removal pursuant to 8 U.S.C. § 1225(b)(1). *See id.* at 144–45. Four months later, the petitioner entered the United States illegally and remained. *See id.* at 145. After the government initiated removal proceedings against him, the petitioner raised five specific due process challenges to his initial expedited removal proceeding. *See id.* Shunaula argued that notwithstanding the jurisdiction-stripping provisions of § 1252(a)(2)(A), due process required that he be afforded an avenue for review of the expedited removal order. *See id.* at 146. The Second Circuit held that because the government was not seeking to use the expedited removal as an element of a criminal offense, but rather to establish inadmissibility, there was no basis "to override the jurisdictional bar erected by § 1252(a)(2)(A) . . ." *Id.* at 147. The Second Circuit joined every other circuit to have considered the issue and determined that it did not have jurisdiction to entertain the petitioner's challenges to the expedited removal order. *See*

*id.*; *see also Khan v. Holder*, 608 F.3d 325, 329–30 (7th Cir. 2010); *Lorenzo v. Mukasey*, 508 F.3d 1278, 1281 (10th Cir. 2007).

Both the Supreme Court and this Circuit have suggested that a litigant may be unconstitutionally denied a forum when there is absolutely *no* avenue for judicial review of a colorable claim of constitutional deprivation. *See Webster v. Doe*, 486 U.S. 592, 603 (1988) (explaining that a "serious constitutional question . . . would arise if a federal statute were construed to deny *any* judicial forum for a colorable constitutional claim.") (emphasis added) (citation and internal quotation marks omitted); *see also Flores-Miramontes v. I.N.S.*, 212 F.3d 1133, 1136 (9th Cir. 2000) (holding that the petitioner's ability to petition for a writ of habeas corpus provides a judicial forum to seek relief). But here, Pena does not raise a colorable constitutional claim, since the Immigration Judge elicited a voluntary wavier of counsel. In addition, the jurisdiction-stripping provisions of the statute retain some avenues of judicial review, limited though they may be. *See Flores-Miramontes*, 212 F.3d at 1136.

## IV.    *CONCLUSION*

We lack jurisdiction to review Pena's challenge to his expedited removal proceedings in view of the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(A). The statute does not deprive Pena of *any* forum to challenge his expedited removal proceedings. Although the available avenues of review provide no relief for Pena in the administrative context, the fact remains that avenues of

review exist, thereby defeating Pena's claim of unconstitutionality. *See id.*

**PETITION FOR REVIEW DISMISSED.**