NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO LOPEZ-ORTIZ,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 14-73459<br><br>Agency No. A077-763-803<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Immigration Court

Submitted October 11, 2017**
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and MAHAN,*** District Judge.

Marco Lopez-Ortiz appeals an immigration judge's negative reasonable fear

determination. Because the facts are known to the parties, we repeat them only as

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

  *** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

necessary to explain our decision.

## I

We lack jurisdiction to hear Lopez-Ortiz's challenge to his underlying expedited removal order.[1] Ninth Circuit precedent makes clear that our jurisdiction to entertain collateral attacks on expedited removal orders is quite limited. *See Pena v. Lynch*, 815 F.3d 452, 455–56 (9th Cir. 2015). *Pena* forecloses jurisdiction here, because Lopez-Ortiz does not allege constitutional violations in his expedited removal order, he is not the subject of criminal charges, and he does not seek a writ of habeas corpus. *See id.* Lopez-Ortiz's reliance on *Smith v. U.S. Customs & Border Protection*, 741 F.3d 1016 (9th Cir. 2014), is unavailing, because *Smith* was plainly limited to the habeas context. Lopez-Ortiz's reliance on criminal cases is similarly unpersuasive, because the reinstatement of a prior removal order "imposes no . . . criminal penalties." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007).

## II

Lopez-Ortiz is ineligible to apply for asylum during his reinstatement proceedings. *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1082 (9th Cir. 2016).

---

[1] Because we lack jurisdiction over Lopez-Ortiz's underlying expedited removal order, the documents with which he seeks to supplement the record are irrelevant. Therefore, Lopez-Ortiz's Motion to Supplement the Certified Administrative Record is **DENIED**.

III

The immigration judge (IJ) did not err in determining that Lopez-Ortiz lacks a reasonable fear of persecution or torture upon removal to Mexico. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833–36 (9th Cir. 2016).

As an initial matter, the IJ's opinion was fairly brief. Lopez-Ortiz argues that this opinion is mere boilerplate devoid of individualized review, and therefore cannot be sustained under *Ghaly v. Immigration and Naturalization Service*, 58 F.3d 1425, 1430 (9th Cir. 1995). But Lopez-Ortiz raises this objection to the form of the IJ's decision for the first time in his reply brief, and so he has waived this argument. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Thus, we move to the substance of the IJ decision.

A

The IJ did not err in finding that Lopez-Ortiz lacks a reasonable fear of persecution. Lopez-Ortiz is correct that (1) a finding of past persecution on account of a protected ground mandates a rebuttable presumption of future persecution, and (2) a finding of government persecution mandates a rebuttable presumption that internal relocation is unreasonable. 8 C.F.R. § 1208.16(b). But even if we assume that the IJ agreed with the asylum officer's decision that Lopez-Ortiz was subject to past persecution by government agents on account of a protected ground, there

3

is substantial evidence in the record to rebut both presumptions.

Lopez-Ortiz moved to a nearby town after he was robbed by the corrupt police, and he lived there safely for nine years before entering the United States. The record makes clear, then, that Lopez-Ortiz could reasonably relocate to avoid persecution, because he has *already* successfully relocated to avoid persecution. In addition, Lopez-Ortiz concedes that he does not know if the corrupt police officers still work in the area, twenty-seven years after the robbery. Thus, there is substantial evidence in the record that Lopez-Ortiz would not be subject to future persecution upon removal to Mexico.

B

For the same reasons, the IJ did not err in finding that Lopez-Ortiz lacks a reasonable fear of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (indicating that the definition of torture is merely a subset of what qualifies as persecution).

IV

The petition is **DENIED IN PART AND DISMISSED IN PART.**