**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GREGORIO MENDOZA CERVANTES; TERESA BIRRUETA VALLADARES; ANGEL GABRIEL MENDOZA BIRRUETA, | No. 16-71678 |
| Petitioners, | Agency Nos. A202-153-716 A202-153-717 A202-153-718 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2019
Seattle, Washington

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Petitioners petition for review of a Board of Immigration Appeals' ("BIA")

decision dismissing their appeal of an Immigration Judge's ("IJ") decision for lack

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of jurisdiction. Petitioners appealed the IJ's denial of Petitioners' motion to reopen expedited removal proceedings. We dismiss the petition for lack of jurisdiction.

"We determine our own jurisdiction *de novo*." *Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016). Pursuant to 8 U.S.C. § 1252(a)(2)(A) and our decision in *Pena v. Lynch*, 815 F.3d 452 (9th Cir. 2016), we generally lack jurisdiction to review direct challenges to credible fear determinations in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Petitioners fail to provide us with a sufficient basis for statutory jurisdiction to review BIA's dismissal for lack of jurisdiction of an appeal of a motion to reopen. *See Pena*, 815 F.3d 452; *Sarmadi v. INS*, 121 F.3d 1319 (9th Cir. 1997). (We do have jurisdiction to review "a colorable constitutional claim," *see Pena*, 815 F.3d at 456, but Petitioners do not raise a colorable constitutional claim here.) Although short, the IJ's decision stating that "[a] full fair hearing was conducted" adequately explained the IJ's reasoning and addressed Petitioners' arguments that a new hearing was needed to allow Birrueta to testify and to allow Mendoza and Birrueta to present additional evidence. *See also Bartolome v. Sessions*, 904 F.3d 803, 813–14 (9th Cir. 2018) (noting that in "[i]n expedited proceedings (such as [the related reasonable fear proceedings]), IJs do not have the ability nor are they required to provide detailed decisions outlining all the claims raised by the [applicant]."). Because Petitioners

2

fail to provide us with a sufficient basis for jurisdiction, we dismiss the petition.[1]

In so holding, we do not address whether Petitioners can bring a habeas petition

pursuant to 8 U.S.C. § 1252(e)(2).  *See Thuraissigiam v. U.S. Dep't of Homeland*

*Sec.*, 917 F.3d 1097 (9th Cir. 2019).

**PETITION FOR REVIEW DISMISSED.**

---

[1]  We note that the BIA fails to adequately explain why the BIA lacks jurisdiction.  An appeal from an IJ's denial of a motion to reopen differs from a direct appeal of an IJ's negative credible fear finding.