NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELINA GODOY-RIVERA, AKA Marcelina Godoy-De Godoy, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-70973 Agency No. A200-236-452 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Marcelina Godoy-Rivera ("Godoy-Rivera"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing Godoy-Rivera's appeal from an immigration judge's ("IJ")

decision denying her application for withholding of removal and relief under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C.
§ 1252(a), and we deny in part and dismiss in part the petition.

Where, as here, the BIA adopts the IJ's reasoning, we review both the IJ's
and BIA's decisions.  *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019).  We
review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*,
453 F.3d 1182, 1184-85 (9th Cir. 2006).  We review de novo our jurisdiction.
*Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016).

Substantial evidence supports the agency's conclusion that Godoy-Rivera
failed to establish that she would be persecuted on account of a protected ground.
Even after assuming that the proposed social groups that Godoy-Rivera asserted
applied to her—including "repatriated female Guatemalan citizens," "female
Guatemalan citizens who worked in the United States," or family members—the IJ
correctly concluded that Godoy-Rivera failed to establish a nexus between those
social groups or her political opinion, and the harm she fears if returned to
Guatemala.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if
membership in a particular social group is established, an applicant must still show
that "persecution was or will be *on account of* his membership in such group"
(emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an
applicant's "desire to be free from harassment by criminals motivated by theft or

random violence by gang members bears no nexus to a protected ground"). Thus, Godoy-Rivera's withholding of removal claim fails.

We lack jurisdiction to review Godoy-Rivera's challenge to the IJ's denial of CAT relief because she failed to exhaust her administrative remedies on appeal to the BIA. *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (petitioner does not satisfy the exhaustion requirement by generally challenging the IJ's decision, but instead "must specify which issues form the basis of the appeal") (citation and quotation omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**