**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SINDER SINGH, | No.   19-72768 |
| Petitioner, | Agency No. A201-741-930 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2021[**]
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Sinder Singh, a native and citizen of India, petitions for review of an

affirmance by an immigration judge ("IJ") of an asylum officer's negative credible

fear determination, *see* 8 U.S.C. § 1225(b)(1), and of the IJ's subsequent denial of

Singh's motion to reopen his credible fear proceedings.  Singh argues that the IJ

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applied the wrong legal standard and violated his due process rights. We dismiss the petition for lack of jurisdiction. *See id.* §§ 1252(a)(2)(A), (e).

On June 28, 2019, Singh crossed the U.S.-Mexico border without inspection and was apprehended by Customs and Border Protection (CBP) officials. Singh said he feared returning to India. CBP placed him in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1).

An asylum officer conducted a credible fear interview in which Singh, with the assistance of counsel, explained that he feared persecution on account of his Sikh religion. The asylum officer found Singh credible, but determined that there was not a significant possibility that he could establish past or future persecution in a full hearing. *See id.* § 1225(b)(1)(B)(v). Singh requested review of the asylum officer's determination.

On September 27, 2019, Singh appeared pro se before an IJ via videoconference. The IJ informed Singh that he had a right to consult an attorney at his expense, but that the attorney could not participate in the hearing. *See id.* § 1225(b)(1)(B)(iv). Singh said he did not have an attorney that day and that he agreed to proceed with his case. The IJ affirmed the asylum officer's negative credible fear determination and issued a final order of removal on September 27, 2019. Singh filed a motion to reopen on October 24, 2019, and a petition for

2

review with this court on November 1, 2019.[1]

Under 8 U.S.C. §§ 1252(a)(2)(A) and 1252(e), we may not review a direct challenge to an expedited removal order issued pursuant to 8 U.S.C. § 1225(b)(1). *Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016). The jurisdictional provisions in §§ 1252(a)(2)(A) and 1252(e) also prohibit our review of an IJ's denial of a motion to reopen a credible fear determination. *Singh v. Barr*, 982 F.3d 778, 781 (9th Cir. 2020). Habeas review is available for noncitizens to challenge expedited removal orders on three very limited bases, *see* 8 U.S.C. § 1252(e)(2), but Singh has not asserted claims raising any of those grounds.[2] We thus lack jurisdiction to consider any aspect of Singh's petition.

The fact that Singh raises constitutional claims does not alter our conclusion.

---

[1] The petition for review of the negative credible fear determination is untimely because it was not filed within thirty days of the IJ's issuance of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). Singh also petitioned for review of the IJ's denial of his motion to reopen, and that petition is timely.

[2] Singh is currently detained at the Stewart Detention Center in Georgia. In March 2020, he filed a motion seeking release from custody due to health risks posed by the potential spread of COVID-19 in immigration detention facilities. We construed Singh's motion as a petition for a writ of habeas corpus and transferred it to the Middle District of Georgia. *See* 28 U.S.C. § 2241(b). To the extent that Singh challenges that district court's failure to act on his petition, we lack jurisdiction to review that court's treatment of his petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that jurisdiction under § 2241(b) lies only in the district of confinement); *cf.* 28 U.S.C. § 2253(a) (stating that final orders in habeas proceedings shall be subject to review by the court of appeals for the circuit "in which the proceeding is held").

In the expedited removal context, our court has previously observed that "a litigant may be unconstitutionally denied a forum when there is absolutely *no* avenue for judicial review of a colorable claim of constitutional deprivation." *Pena*, 815 F.3d at 456 (citing *Webster v. Doe*, 486 U.S. 592, 603 (1988)). Subsequent to our decision in *Pena*, the Supreme Court held that, as applied to a petitioner in expedited removal proceedings, § 1252(e) did not violate the Suspension Clause or the Due Process Clause by "precluding judicial review of [the petitioner's] allegedly flawed credible-fear proceeding." *DHS v. Thuraissigiam*, 140 S. Ct. 1959, 1971, 1981-83 (2020). We need not decide the extent to which *Pena*'s notion of colorable constitutional claims survived the Court's decision in *Thuraissigiam* because Singh has not raised a colorable constitutional claim.

Singh's premise for his asserted constitutional claim is that he never waived his "statutory right to counsel." This is a false premise because § 1225(b)(1) states only that a noncitizen in credible fear proceedings "may consult with a person or persons of [his] choosing prior to the interview or any review thereof. . . at no expense to the Government." 8 U.S.C. § 1225(b)(1)(B)(iv); *see also* 8 C.F.R. § 1003.42(c) ("The alien may consult with a person or persons of the alien's choosing prior to the review."). As Singh correctly states, we have held that the plain language in 8 U.S.C. § 1228 provides a right to counsel in *reasonable* fear proceedings, *see Zuniga v. Barr*, 946 F.3d 464, 465 (9th Cir. 2019), but the statute

4

governing reasonable fear proceedings is not applicable here. The IJ properly informed Singh of his right to consult with someone outside of his proceedings, and nothing more was required.

Because we lack jurisdiction, we dismiss the petition.

**PETITION FOR REVIEW DISMISSED.**